UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL MENDOZA RIVAS,

   Plaintiff,

v.

CRAIG KOENIG, et al.,

   Defendants.

Case No. 24-cv-00007-KAW

**ORDER OF SERVICE**

Plaintiff Daniel Rivas, a prisoner at Folsom State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that took place at Correctional Training Facility (CTF) in Soledad, CA. For the reasons identified below, his complaint will be ordered served on Defendants. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id*. at 633.

## II.     Legal Claims

Plaintiff alleges that Defendants, Warden Craig Keenig and Chief Deputy Warden L. Martinez at CTF in 2020-2022, failed to follow and enforce California Department of Corrections and Rehabilitation (CDCR) protocols regarding COVID-19, causing Plaintiff and over 2,700 other inmates to become infected with the illness. The state protocols included masking for inmates and staff and staying 6 feet apart. ECF 1 at 4. Staff acted carelessly, and Defendant Keenig admitted that his staff brought COVID-19 into CTF. Defendant Keenig failed to require his staff to follow safety protocols to protect Plaintiff, violating his Eighth Amendment rights. *Id.* Plaintiff sent Defendant Keenig letters letting him know that staff were not following protocol. *Id.* Plaintiff was moved from A yard to B yard in November or December of 2020, into a cell where two people had COVID-19. *Id.* Plaintiff's prior roommate, who had also been moved to the same cell in B yard, tested positive for COVID around December 14, 2020, but was not removed from the cell for 6 hours. *Id.* at 5. Plaintiff was not tested again until December 24, 2020. *Id.* Plaintiff submitted grievances about this issue, which Defendant Martinez denied. *Id.*

CTF staff continued to act carelessly during the Delta and Omicron outbreaks throughout 2021 and into 2022. *Id.* For example, on December 3, 2021, CDCR required unvaccinated or partially vaccinated employees and visitors to wear an N 95 mask. *Id.* But CTF staff failed to wear masks in January of 2022, causing a COVID outbreak within the staff that infected more than 200 inmates. *Id.* at 5. Defendant Martinez was working in Plaintiff's building on January 6, 2022, and not following safety protocols. *Id.* at 6.

Plaintiff had requested a serology blood test in August of 2021 because he feared he was experiencing mental and medical repercussions from COVID, but was told because he was fully

2

vaccinated, he did not need to worry about COVID. *Id.* Plaintiff was diagnosed with asthma for the first time in his life. *Id.* Plaintiff requested to be seen by specialists but the doctors and nurses at A yard denied his request. *Id.*

Defendant Martinez became Warden in 2021, and also failed to enforce safety protocols. *Id.* at 8. Defendants "did nothing at all" to prevent disease transmission. *Id.*

Plaintiff requests immediate release to receive professional mental help, and a medical examination for COVID related health issues. He also seeks "Whatever the Court feels fair to pay mental and medical expenses." ECF 1 at 3.

Liberally construed, Plaintiff has stated a claim for relief under the Eighth Amendment against Defendants Keenig and Martinez for failing to enforce COVID safety protocols from 2020-2022. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following defendants at CTF shall be served: Former Warden Keenig and Warden Martinez. Service on the defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Docket No. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve by mail a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be

reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, the operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case, the Court orders as follows:

No later than sixty (60) days from the date of service, defendant(s) shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant(s) are of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that such motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, defendant(s) shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

3. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court

and served upon defendant no later than thirty days from the date the defendant's motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

If defendant wishes to file a reply brief, he shall do so no later than fourteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on defendant, or defendant's counsel, if and when counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: March 29, 2024

KANDIS A. WESTMORE
United States Magistrate Judge